# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SANDY RASCHKE, | Case No.: 2:10-cv-2120-GMN-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, a Foreign Corporation; and ROE CORPORATIONS, I through X, inclusive, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff's Motion to Remand this case to state court (ECF No. 5). Defendant filed a Response on December 23, 2010 (ECF No. 6) and Plaintiff filed a Reply on December 27, 2010 (ECF No. 7).

For the following reasons the Court GRANTS Plaintiff's Motion to Remand.

## FACTS AND BACKGROUND

This suit arises from a dispute between Plaintiff and Defendant, Allstate Property & Casualty Insurance Company, regarding the payment of a policy limit following Plaintiff's injury in an automobile accident. Plaintiff claims to have incurred medical expenses in excess of $54,000.00. Plaintiff has received insurance payments from tortfeasor and workers compensation benefits which total $34,895.70. Plaintiff holds a policy of insurance with Defendant for uninsured/underinsured motorist's (UIM) limit of $15,000.00. Plaintiff made only a $15,000.00 settlement demand for the UIM limits but Defendant did not tender the amount.

Plaintiff filed her Complaint on October 22, 2010, in the Eighth Judicial District Court of the State of Nevada. Plaintiff's Complaint alleged: 1) Breach of Contract; 2) Breach of the Covenant of Good Faith and Fair Dealing; and 3) Violation of the Unfair Claims Practices Act. Plaintiff's claims for relief pray for general damages in excess of $10,000.00, special damages, punitive damages in excess of $10,000.00 and attorney's fees and costs.

## DISCUSSION

### A.   Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

Plaintiff's Complaint does not allege damages in excess of $75,000.00. Plaintiff only alleges that she is entitled to UIM benefits of $15,000.00 but additionally seeks general damages in excess of $10,000.00 due to the harm Plaintiff suffered as a result of Defendant's withholding of the UIM benefits. Plaintiff also alleges that she is entitled to

1  punitive damages for bad faith in excess of $10,000.00.  Defendant removed speculating
2  that punitive damages could exceed $75,000.00.   Defendant further argues in its
3  Response that if Plaintiff were to prevail under the N.R.S. 686A.310 Plaintiff would be
4  entitled to an award of attorney's fees.

5  However, there is no authority in Nevada law indicating  N.R.S. 686A.310
6  mandates an award of attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,
7  1155 (9th Cir. 1998) (When there is no direct legal authority for attorney's fees, a request
8  for a fee cannot be included in the computation of the jurisdictional amount.)  Thus the
9  only question is whether it is likely that punitive damages would exceed $50,000.00.

10  Defendant must prove, by a preponderance of the evidence, that the amount in
11  controversy meets the jurisdictional threshold since it is not facially evident from the
12  complaint that more than $75,000.00 is in controversy. *Valdez v. Allstate Ins. Co.*, 372
13  F.3d 115, 117 (9th Cir. 2004); *see also Sanchez v. Monumental Life Ins. Co*., 102 F.3d
14  398, 403-04 (9th Cir.1996).  Defendant's Petition for Removal states that if punitive
15  damages are awarded they would exceed $10,000.00 and have the potential to exceed
16  $75,000.00.  In support, Defendant merely states that based upon the identity of the
17  attorneys for the Plaintiff there is a potential for punitive damages to exceed damages in
18  excess of $50,000.00.  Defendant cites to *Woodward v. Newcourt Commercial Financial*
19  *Corporation*, 60 F.Supp.2d 530, 532 (D. S.C. 1999) to explain that since "'plaintiff's bar
20  rarely seeks less than ten times damages' and that it is not uncommon for juries to award
21  more than ten times damages when assessing punitive damages against a corporation"
22  this is sufficient evidence to warrant removal jurisdiction.  This Court is not persuaded by
23  *Woodward's* "inverse legal certainty test" as it would seem to limit the strict construction
24  requirement and remove the burden of proof from the defendant.  To discharge its burden
25  in the Ninth Circuit, Defendant must "provide evidence establishing that it is 'more likely

than not' that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 117; *see also Gaus*, 980 F.2d at 566-67.

Defendant in this case has failed to meet its burden of establishing that the amount in controversy exceeds the jurisdictional amount of $75,000.00.  Mere speculation that this case has the potential to reach punitive damages in excess of $50,000.00 is not sufficient.  Accordingly the case will be remanded to state court.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED.

DATED this 10th day of January, 2011.

_____
Gloria M. Navarro
United States District Judge